UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COURT FILE NO.:

| | |
|---|---|
| ALEXANDER KREMENSHUTSKY<br><br>Plaintiff,<br>v.<br><br>ARS NATIONAL SERVICES, INC.<br><br>Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

For this complaint, the Plaintiff ALEXANDER KREMENSHUTSKY, by and through his attorney, Mikhail Usher, Esq., USHER LAW GROUP, P.C. 2711 Harway Avenue Brooklyn, New York 11214, states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District such as;

    a. Defendant's collection communications were received by Plaintiff in this district;

    b. Defendant does or transacts business in this district.

    c. Plaintiff resides in this district.

## PARTIES

4. Plaintiff ALEXANDER KREMENSHUTSKY is a natural person who resides in the County of Kings, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ARS NATIONAL SERVICES, INC. (hereinafter "Defendant") is a collection agency operating from an address of 270 W 2nd Avenue Escondido, CA 92025 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. At a time unknown to the Plaintiffs, a personal debt was allegedly incurred by the Plaintiff for a past due bill that the proposed original creditor in this matter, a personal credit card, thus arising out of transactions that were primarily for personal, family and household purposes.

7. At a time, unknown to the Plaintiff, the aforementioned debt (which the Plaintiff disputes was consigned, placed or otherwise) was transferred to Defendant for collection.

8. Upon information and belief, on or about November 17, 2020, Plaintiff received correspondence from Defendant ARS with respect to outstanding debt allegedly due by Plaintiff.

9. Upon receipt of this correspondence, Plaintiff called Defendant ARS to inquire to the debt, and requested that such alleged debt be verified. Plaintiff was told that ARS does not own the debt and should seek information from the original creditor despite the fact that the Plaintiff received correspondence from Defendant ARS.

10. On the same day, Plaintiff called Citibank, the original creditor, as instructed by Defendant, to inquire about the debt and have it verified. Plaintiff requested information about the debt, what the debt was for, and who was responsible for the negative credit reporting on Plaintiff's credit report. Citibank informed Plaintiff that they no longer owned the debt and instructed Plaintiff to call an alleged debt collection agency, otherwise known as Calvary, for more information.

11. Plaintiff never received any correspondence from Calvary, and it was unknown to Plaintiff who Calvary was, therefore, did not call them since Plaintiff never had any contact with Calvary.

12. Plaintiff proceeded to call Defendant ARS again to inquire about the debt, validate the debt, and request removal of a negative credit reporting. Defendant instructed Plaintiff, yet again, to call Citibank.

13. Plaintiff was never sent a 30-day Validation notice with respect to the alleged debt, neither from ARS or Calvary, and the debt was never verified, as requested by Plaintiff. To this date, Plaintiff is still unsure as to whom owns the debt and who is responsible for the negative credit reporting.

14. Plaintiff has diligently tried to address the matter and fix the negative reporting on his credit report despite not knowing what the debt was. Nobody gave plaintiff a straight answer as to who owned the debt and who was responsible for the negative credit report, and Plaintiff's credit score continues to suffer due to Defendant's inability to verify and direct Plaintiff on how to resolve the matter.

### B. Plaintiff suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct.

16. Plaintiff's credit score has taken a negative hit due to the confusion as to who owns the debt, as Plaintiff has been unable to resolve this matter because the debt cannot be verified, nor can it be verified as to who to speak to since Plaintiff has been sent back and forth between collectors and original creditor.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to the following:

21. The Defendants' conduct violated 15 U.S.C. § 1692(e) in that Defendants falsely, deceptively and misleadingly made representations in connection with the debt. Defendants failed to inform Plaintiff of the debt, including but not limited to the origination, owner of the debt, and failed to validate the debt upon request of the Plaintiff.

22. The Defendant's conduct violated 15 U.S.C. § 1692(e)(2) by engaging in unfair practices in connection with the debt by falsely, deceptively, and by misleading representation of the character, amount or legal status of the alleged debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692(e)(10) by engaging in unfair practices in connection with the debt by falsely, deceptively, and by misleading the representation to collect a debt or obtain information about a consumer.

24. The Defendant's conduct violated 15 U.S.C. § 1692(f) by engaging in unfair practices in connection with the debt by using unfair or unconscionable means to collect or attempt to collect any debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692(f)(1) by engaging in unfair practices in connection with the debt by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

26. The Defendant's conduct violated 15 U.S.C. § 1692(g) by failing to send the consumer a 30-day

validation notice within five days of the initial communication.

27. The Defendant's conduct violated 15 U.S.C. § 1692(g)(a)(3) by failing to inform the consumer the right to dispute the debt within 30 days.

28. The Defendant's conduct violated 15 U.S.C. § 1692(g)(a)(4) by failing to inform the consumer the right to have a verification mailed to consumer.

29. The Defendant's conduct violated 15 U.S.C. § 1692(g)(b) by failing to cease collection efforts until the debt was validated. The debt was never validated, and Defendant continued their efforts to collect debt.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;
- for such other and further relief as may be just and proper.

Dated: Brooklyn, New York
April 28, 2021

                                              Respectfully submitted,

                                              ___/s/ Mikhail Usher___
                                              Mikhail Usher, Esq.
                                              **USHER LAW GROUP, PC.**
                                              *Attorneys for Plaintiff*
                                              2711 Harway Avenue
                                              Brooklyn, NY 11214
                                              Telephone:  (718) 484-7510
                                              Facsimile:    (718) 865-8566
                                              musheresq@gmail.com